Below is an Opinion of the Court.

RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>Aircraft Investor Resources, LLC,<br>as consolidated with *In re Epic,<br>LLC* (09-40041-rld7) and *In re<br>Aircraft Completion Services, LLC*<br>(10-30185-rld7)<br><br>                Debtor. | Bankruptcy Case<br>No. 09-38458-rld11 |
| LT Builders Group, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>Blue Sky AvGroup, LLC, a Florida<br>limited liability company, and<br>Johan Charl Brink, an individual,<br><br>                Defendants. | Adv. No. 10-03246<br><br>MEMORANDUM OPINION |

Following the hearing ("Hearing") on plaintiff LT Builders Group, LLC's ("LT Builders") Motion for Partial Summary Judgment ("Summary Judgment Motion") on April 28, 2011, among the matters taken under advisement were: 1) LT Builders' Motion to Strike Portions of

Page 1 - MEMORANDUM OPINION

Declaration of Richard Lucibella ("Lucibella Motion to Strike"); 2) LT Builders' Motion to Strike Declaration of David Hice ("Hice Motion to Strike"); 3) LT Builders Motion to Strike Paragraph 18 of Declaration of Ashley Emerson ("Emerson Motion to Strike"); and 4) Defendants Blue Sky Avgroup, LLC's ("Blue Sky") and Johan Charl Brink's ("Brink") Motion to Strike Declaration of Kenneth Eiler and Supplemental Declarations of Christa A. Thornton-Smith and Douglas King ("Defendants' Motion to Strike).

Based upon my review of the subject declarations, motions and supporting memoranda, as well as consideration of applicable legal authorities, I have come to a decision on the various motions to strike. This Memorandum Opinion sets forth the court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52(a), applicable with respect to these contested matters under Federal Rules of Bankruptcy Procedure 7052 and 9014. I will start with my determinations regarding the Defendants' Motion to Strike and will continue with individual determinations regarding each of LT Builders' motions to strike.

A) <u>Defendants' Motion to Strike</u>

Blue Sky and Brink argue generally that the Declaration of Ken Eiler and the Supplemental Declarations of Christa A. Thornton-Smith and Douglas King should be stricken because they were filed in conjunction with the Reply to Defendants' Opposition to Motion for Partial Summary Judgment, and to the extent they raised new evidence and/or information, they improperly deprived Blue Sky and Brink of an opportunity to respond. I will deny Defendants' Motion to Strike as it applies in general to the

Page 2 - MEMORANDUM OPINION

three declarations for the following reasons.

First, following LT Builders' filing of the Summary Judgment Motion and supporting documents, the defendants deposed Ms. Thornton-Smith and used excerpts from her deposition and the exhibits to her deposition as support for their opposition to the Summary Judgment Motion. It was neither improper nor unfairly prejudicial nor unexpected for LT Builders to include countering information in the Declarations of Kenneth Eiler, Douglas King and Ms. Thornton-Smith filed in conjunction with LT Builders' Reply.

In addition, there is nothing new or surprising in the subject declarations based on the arguments and evidence advanced by LT Builders originally in support of the Summary Judgment Motion. I do not find that Blue Sky or Brink was unfairly prejudiced or surprised by the information generally in the subject declarations. See <u>Pacific Capital Bancorp, N.A. v. East Airport Dev't, LLC (In re East Airport Dev't, LLC)</u>, 443 B.R. 823 (9th Cir. BAP 2011). There is a reason why the pleadings with respect to a motion generally are limited to the motion and supporting papers, the response and supporting papers, and the reply and supporting papers. If, particularly in a case of this type, every time a new declaration or affidavit was filed, it triggered a right to a surreply, the surreplies could go on to infinity. Extending further opportunities to respond should and must be limited to situations where a party has been unfairly or improperly prejudiced by the submission of new evidence with a reply. I find no such unfair or improper prejudice with respect to the Declaration of Kenneth Eiler and the Supplemental Declarations of Christa A. Thornton-Smith and Douglas King.

In the alternative, Blue Sky and Brink request that I strike Paragraph 22 from the Supplemental Declaration of Douglas King as offering legal conclusions. In its opposition to Defendants' Motion to Strike, LT Builders does not object to my striking Paragraph 22 from Mr. King's supplemental declaration with the exception of one factual statement: "If Defendants are now permitted to assert late claims to LTB's inventory and assets, LTB will dispute Defendants' ownership of each and every item." I will grant the Defendants' Motion to Strike Paragraph 22 from the Supplemental Declaration of Douglas King in its entirety because it includes primarily legal conclusions, but as to the factual statement at issue, I find that it does not have any conceivable relevance to the matters I am called upon to decide in resolving the Summary Judgment Motion.

As I stated at the Hearing, I tend to bend over backwards to admit evidence that is opposed on relevance grounds so long as it has any relevance at all to the matters I need to decide because I can consider the relative weight of such evidence in making my decisions. In this case, the explicit threat in the contested statement is based on what Mr. King says LT Builders will do if I decide this adversary proceeding in a certain way. Based on how this litigation has been conducted, with plenty of scorched earth on both sides, I would have thought that threat would have been implicit. In any event, I reiterate my conclusion that Mr. King's factual statement in Paragraph 22 of his supplemental declaration has no relevance whatsoever to my decision of the Summary Judgment Motion.

///

B) <u>Hice Motion to Strike</u>

LT Builders moves to strike the Declaration of David Hice on the grounds that 1) its factual statements are irrelevant; 2) it is inadmissible based on the parol evidence rule; and 3) it constitutes an unqualified expert opinion. First, while the facts attested to in Mr. Hice's declaration may have only limited relevance to my decision of the Summary Judgment Motion, I find that they are relevant, and I can assess their weight in determining whether a genuine issue of material fact has been raised that would preclude entry of summary judgment. As to the parol evidence rule, it comes from state law and applies generally to disputes concerning whether interpretation evidence is admissible that may vary the terms of an integrated contract. The Summary Judgment Motion requires that I interpret the terms of orders that I have issued in the Aircraft Investor Resources, LLC main case. The parol evidence rule would apply in this instance, if at all, by analogy only, and I do not find that it would preclude my consideration of the statements contained in Mr. Hice's declaration. Finally, the statements in Mr. Hice's declaration are based on his personal knowledge and experience based on his connections with and employment by Aircraft Investor Resources, LLC, and its affiliated entities. I do not find that the David Hice Declaration includes unqualified expert opinions inadmissible under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). Accordingly, I will deny the Hice Motion to Strike.

C) <u>Emerson Motion to Strike</u>

In the Emerson Motion to Strike, LT Builders moves to strike paragraph 18 of the Declaration of Ashley Emerson on the grounds that 1)

Page 5 - MEMORANDUM OPINION

it lacks foundation; 2) the statements included are not based on Mr. Emerson's personal knowledge; and 3) the statements included appear to be based on inadmissible hearsay.  In Paragraph 18 of his declaration, Mr. Emerson states that he has "become aware" of certain information, without stating how, from whom and under what circumstances he became aware of that information.  He also states that he has "learned" about the conduct of certain other builders without stating how, from whom or under what circumstances he learned about such conduct.  I find that LT Builders' objections are well taken, and I will grant the Emerson Motion to Strike.

D) <u>Lucibella Motion to Strike</u>

LT Builders moves to strike a number of paragraphs from the Declaration of Richard Lucibella on a variety of grounds.  I will deal with the objections to particular paragraphs in the sequence discussed in the Lucibella Motion to Strike.

LT Builders moves to strike Paragraphs 6, 10, 12-15 and 34 on the basis of lack of relevance.   To the contrary, Paragraphs 6, 10, and 12-15 are based on Mr. Lucibella's personal knowledge and provide useful and relevant background information as to the disputes between the parties.  I will deny LT Builders' motion to strike as to Paragraphs 6, 10, and 12-15 of Mr. Lucibella's declaration.  I will grant LT Builders' motion to strike Paragraph 34, but on grounds other than relevance, as discussed <u>infra</u>.

LT Builders moves to strike Paragraphs 16-17, 35, and 37-44 based on the parol evidence rule.  As I stated previously, I find the parol evidence rule of limited application in relation to the Summary

Judgment Motion, as it applies, if at all, only by analogy. In Paragraphs 16-17, 35, and 38-42, Mr. Lucibella makes statements based either on personal knowledge or on his interpretation of the inventory order entered by this court, reflecting his understanding of matters relevant to the issues raised in this adversary proceeding. Since I am called upon to interpret the subject inventory order in deciding the Summary Judgment Motion, Mr. Lucibella's interpretations are relevant and not precluded by the parol evidence rule, or as improper opinion testimony, for that matter. Accordingly, I will deny LT Builders' motion to strike as to Paragraphs 16-17, 35, and 38-42. I will grant LT Builders' motion to strike as to Paragraphs 37, and 43-44, but on the grounds that no adequate foundation has been laid for the statements included in Paragraphs 37, and 43-44 to establish that they are based on Mr. Lucibella's personal knowledge, and with respect to Paragraph 44, it includes legal conclusions that Mr. Lucibella is not qualified to present as evidence.

LT Builders moves to strike Paragraphs 10, 16-17, 26, and 37-44 as expert opinion where the appropriate foundation for expert opinion has not been laid. I find nothing objectionable in Mr. Lucibella's lay opinions set forth in Paragraphs 10, 16-17, 26, or 38-42. As previously stated, I will grant the Lucibella Motion to Strike as to Paragraphs 37, and 43-44, but with the exception of a portion of Paragraph 44, on grounds other than improper opinion testimony.

LT Builders moves to strike the e-mails attached to Mr. Lucibella's declaration as not complete and not authentic. I conclude that Mr. Lucibella can properly authenticate e-mails from his

own e-mail records, and accordingly, I will deny the motion to strike the subject e-mails.

Finally, LT Builders moves to strike Paragraphs 31-34, and 39 as not based on Mr. Lucibella's personal knowledge and/or hearsay, with no proper foundation laid for their admission. Paragraphs 31-34 are all based on the knowledge of Mr. Emerson. This is territory covered by Mr. Emerson in his declaration. Therefore, I will grant LT Builders' motion to strike Paragraphs 31-34. With regard to Mr. Lucibella's independent personal knowledge, I find that LT Builders' objections are well taken. Paragraph 39 reflects personal knowledge of Mr. Lucibella that was shared in the deposition of Ms. Thornton-Smith. I will deny the Lucibella Motion to Strike as it pertains to Paragraph 39.

## Conclusion

Based on the foregoing findings and conclusions, a) I will deny Defendants' Motion to Strike except as to paragraph 22 in the Supplemental Declaration of Douglas King; b) I will deny the Hice Motion to Strike; c) I will grant the Emerson Motion to Strike; and d) I will deny the Lucibella Motion to Strike as it pertains to Paragraphs 6, 10, 12-17, 26, 35, and 38-42 of Mr. Lucibella's declaration, and I will grant the Lucibella Motion to Strike as it pertains to Paragraphs 31-34, 37, and 43-44. An order consistent with this Memorandum Opinion will be entered contemporaneously.

###

cc:     Susan S. Ford
        Timothy A. Solomon
        Marjorie A. Elken
        Lisa M. Schiller
        Norman Malinski